## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SCHERAYZA RIVERA IRIZARRY<br><br>Plaintiff<br><br>v.<br><br>PVH PUERTO RICO, INC.<br><br>Defendant | CIVIL NO. _____<br><br>TRIAL BY JURY DEMANDED |

### **COMPLAINT AND DEMAND FOR TRIAL BY JURY**

TO THE HONORABLE COURT:

Comes now plaintiff, Scherayza Rivera Irizarry, represented by her undersigned counsel and very respectfully ALLEGES AND PRAYS as follows:

1. This is a civil action for wrongful, illegal, and retaliatory termination of employment, and failure to notice rights and interference of rights under federal and Puerto Rico law.

2. Plaintiff, Scherayza Rivera Irizarry ("Rivera"), was terminated in her employment with PVH Puerto Rico, Inc. ("PVH") in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq; the Family Medical Leave Act ("FMLA"), 29 U.S.C.; 2611, et seq; the "Families First Coronavirus Response Act" ("FFCRA"); the "Emergency Family and Medical Leave Expansion Act"("EFMLEA"); and the "Emergency Paid Sick Leave Act" ("EPSLA"), including the anti-retaliation, failure to give notice of rights and interference of rights provisos of the mentioned federal legislation.  Federal question jurisdiction is invoked in this action under the mentioned federal legislation as established by

28 U.S.C. 1331.

3. Also, this Court's supplementary jurisdiction is invoked to entertain Puerto Rico law claims for wrongful termination under the "Puerto Rico Unjust Dismissal Act", Law 80-1976, as amended, 29 Laws of P.R. Anno 185 a et seq ("Law 80") and for retaliatory termination under the "Puerto Rico Anti-Reprisal Act", Law 115-1991 as amended, 29 Laws of P.R. Anno 194 et seq ("Law 115").

4. An employer who commits prohibited acts under the EFMLA is subject to the enforcement provision set forth in Section 107 of the FMLA, 29 U.S.C. 2617. The covered employee may file private action to enforce the EFMLEA only if the employer is otherwise subject to the FMLA in the absence of the EFMLEA. The employer in this case is subject to the FMLA in the absence of the EFMLEA since it employs more than fifty (50) employees.

5. An employer who commits prohibited acts under the EPSLA is subject to the enforcement provisions set forth in Section 15 (a)(3) of the FLSA, 29 U.S.C. 215 and subject to the penalties set forth in Sections 16 and 17 of the FLSA, 29 U.S.C. 216 and 217).

6. Under the EFMLEA and the EPSLA a covered employer in the case of a private entity or individual is one that employs fewer than 500 employees. PVH is an employer as defined and covered by this federal law, because it employs fewer than 500 employees.

7. The proper venue is in this Court because PVH's conducts business in this District and the acts, conduct, and/or omissions giving rise to this claim took place in the District of Puerto Rico.

8. Defendant in this action is PVH, a corporation organized and authorized to do business in Puerto Rico by State Department of Puerto Rico. PVH is an employer under the federal and local laws invoked in this action.

9. Rivera started to work for PVH on June 2007. She was terminated on June 15th, 2020. She is an employee as defined by the federal and local legislation invoked in this action. Rivera was the PVH's Barceloneta Store Manager.

10. Rivera is the mother with custody and *patria potestas* of two (2) children: a girl of one (1) year and six (6) months and a boy of seven (7) years.

11. Rivera's children since prior to the COVID-19 Pandemic attended the First Steps Child Care and Pre-School Center ("First Steps") in Bayamón, Puerto Rico. Due to the COVID-19 Pandemic First Steps closed out its services to the community and informed that it would not reopen until August 10th, 2020. (Exhibit 1 – First Steps' Notice to Parents). Due to her children's ages Rivera needed to take care of them during First Steps' closure.

12. The PVH's Bacerloneta Store closed due to the COVID-19 Pandemic. During PVH's closure Rivera took care of her children because First Steps as we have already seen had closed out. Then, Rivera was informed by PVH that the Barceloneta Store's reopening procedures would start on June 1st, 2020 and that the Store would be open for business on June 8th, 2020.

13. Upon being re-called to her work, Rivera needed and requested from PVH her federally protected leave to take care of her children while First-Steps

remained closed. This request was originally made verbally to Mr. Juan Acevedo, PVH's Training Manager, immediately upon being re-called work. Also, the request was made verbally to Mr. Julian Reyes, PVH's Human Resources Representative. Lastly, said request was also made verbally to Mrs. Marylee Morales, PVH's District Sales Manager. These requests were all made prior to Rivera's termination.

14. PVH denied Rivera's request for a leave to take care of her children and instead terminated her because of her inability to return to work while First Steps remained closed.

15. PVH failed to give notice of Rivera's federally protected rights to a leave to care for her children due to closure of their care and preschool center.

16. At all relevant times, Rivera had informed PVH of her situation: i.e. her children care needs and her need for a leave time to care for her children.

17. On June 15th, 2020 Rivera was terminated in her employment. This termination was not for cause. The ground given for her termination was that Rivera's inability to return to work due to her children's care needs amounted to a resignation of employment. Then, Rivera clarified in writing to PVH that she was not tendering her resignation and that at all times her various request instead had been the granting of the corresponding statutory leave to take care of her children during First Steps' closure and, again, requested her leave to care for her children. (Exhibit 2). PVH proceeded with the termination decision. The immediate temporal proximity from Rivera's request for benefits under

4

federal and local law creates and inference that her termination was illegal and for prohibited grounds and directly related to having availed herself and invoked the protection of legally afforded rights for a to mother to care for her children's care and schooling needs during the COVID-19 Pandemic.  More so, PVH admits that the termination was due to Rivera's inability to return to work being the only obstacle for so that she needed to care for her children due to First Steps' closure.  PVH knew (because Rivera have so advised it) that she could not report back to work up and until First Steps would reopen its services to the community.  Thus, we are indeed in the presence of direct evidence of illegal and prohibited adverse employment actions by PVH against Rivera.

18.     Said conclusion is strengthen by the fact that Rivera always performed well and never received any disciplinary measures and because the continued needs for her services was present at the time and after her termination.

19.     PVH's adverse employment actions against Rivera violated the federal and local legislation invoked in this action.  Also, these adverse employment actions are an interference with Rivera's protected federal and local rights.  PVH failed to give notice to Rivera about her federally protected leave to care for her children. Lastly, these adverse employment actions were in retaliation for Rivera having engaged in protected activity under federal and local laws and having availed herself to the protections of said laws.

20.     Rivera suffered actual damages due to PVH's conduct, included but no limited, to loss of income and benefits, compensatory damages for mental pain

and anguishes. Rivera is a single mother and the only provider in her household.

21. Wherefore, Rivera requests in this action the following remedies:

A) Trial by Jury is demanded.

B) That all loss of income, back pay, and employment benefits be compensated. Back pay to be calculated at a salary rate of $3,859.20 monthly.

C) Rivera suffered mental pain, suffering and anguishes as a result of PVH's action, thus, it is requested that compensatory damages for mental pain and anguish suffered stemming from Rivera termination be awarded in a sum of no less than $1,000,000.00.

D) Rivera request her statutory severance pay due under Law 80, totaling: $34,733.14 (the salary of three (3) months: $3,859.20 per month x 3 = $11,577.80, plus the salaries of two (2) weeks for every full year of service, to wit, twenty six (26) weeks: $890.59 x 26 = $23,155.34.

E) That liquidated damages under federal law be taxed.

F) That double damages under Puerto Rico law be taxed.

G) That punitive damages under federal law be awarded.

H) That reinstatement to employment be granted, if not practicable, then front pay in lieu of reinstatement.

I) Taxing of cost litigation expenses, attorney's fee and pre and post judgment interests.

J) That the Court enter any appropriate declaratory and injunctive relief to vindicate Rivera's rights under federal and local law.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this, 26th of April of 2021.

S/: ENRIQUE J. MENDOZA-MENDEZ
ENRIQUE J. MENDOZA MÉNDEZ
USDC-PR 202804

S/: ENRIQUE J. MENDOZA SÁNCHEZ
ENRIQUE J. MENDOZA MÉNDEZ
USDC-PR 307805

**MENDOZA LAW OFFICES**
P.O. Box 9282
San Juan, P.R. 00908-0282
Tel. (787) 722-5522; 5530; 5540
Fax. (787) 723-7057
E-mail: mendozalo@yahoo.com